U.S. Bankruptcy Court
District of Idaho
Filed: 8/26/2004
At: 11:00 a.m.
By: Dana Hoyle

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

**In Re:**

DELVIN A. HALE and
ROXANNE R. HALE, dba
DELVIN HALE LIVESTOCK,
dba HALE RANCHES, dba
HALE LIVESTOCK,

**Debtors.**

**Bankruptcy Case
No. 04-40076**

## MEMORANDUM OF DECISION

**Appearances:**

    Stephen A. Meikle, ADVANTAGE LEGAL SERVICES, Idaho Falls, Idaho, Attorney for Debtors.

    Monte Gray, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for R. Sam Hopkins, Trustee.

MEMORANDUM OF DECISION - 1

## Background

Chapter 7 Debtors Delvin and Roxanne Hale lease and live in a house owned by a limited partnership in which they are general partners. Debtors claim a homestead exemption in both their interest in the limited partnership and in their rights under the lease. Docket Nos. 1, 55. The Chapter 7 Trustee, R. Sam Hopkins, objected, arguing that neither Idaho's partnership law nor homestead statutes allow Debtors to claim a homestead exemption in partnership property or in a residential lease. Docket Nos. 19, 60.

The Court conducted a hearing on July 15, 2004, at which both parties appeared and presented evidence and testimony. Minute Entry, Docket No. 54. After considering the record and the parties' submissions, the Court concludes that neither Debtors' partnership interest nor their leasehold interest is exempt as a homestead. The Court's findings of fact and conclusions of law follow. *See* Fed. R. Bankr. P. 7052; 9014.

## Facts

Debtors purchased a home and forty acres of farm land located in Butte County, Idaho in 1994 (the "Property"). On April 7, 1997, Debtors and their six children formed a limited partnership known as the Lost River Cattle

MEMORANDUM OF DECISION - 2

AO 72A
(Rev. 8/82)

Company (the "Partnership") for estate planning purposes and as a vehicle to manage Debtors' real estate and other family heirlooms for the benefit of the children. Ex. 1, Limited P'ship Agreement, Docket No. 53.[1] Debtors were the General Partners of the partnership; the children became Limited Partners. Ex. 1 at 18, 20; Ex. 2, Minutes of Organizational Meeting. Debtors executed a quitclaim deed transferring title to the Property to the Partnership. Ex. 1 at 19; Ex. 3, Quitclaim Deed. The Partnership also became the owner of certain personal property, including wagons, trailers, a grandfather clock, curio tables, artwork, and a boat. Schedule A, Ex. A.1, Docket No. 1.

Debtors continued to live in the home on the Property under the terms of a lease with the Partnership, executed on April 10, 1997. Ex. 4, Lease Agreement. Under the lease, Debtors were granted a year-to-year tenancy that the Partnership could terminate at any time. Ex. 4 at 1. The yearly lease payment, due April 10th each year, was $15,000. Ex. 4 at 1. As part of the lease agreement,

---

[1] All of Debtors' exhibits are attached to Debtors' Brief, Docket No. 53. However, a mistake may have been made when labeling these exhibits when compared to those admitted at the hearing. This is of no real concern to the Court, however, since "all" of Debtors' exhibits were admitted via stipulation at the hearing. To prevent any confusion, the Court will refer to the exhibits by the title of the document as well as the exhibit number.

MEMORANDUM OF DECISION - 3

Debtors agreed to pay for all utilities, maintenance, insurance, and taxes, and agreed that they would not mortgage or sublet the property without the prior written consent of the Partnership. Ex. 4 at 2-3, ¶¶ 2, 4-6. The lease designated a bankruptcy filing by Debtors as an incident of default that would allow the Partnership to terminate the lease and re-let the Property. Ex. 4 at 3-4, ¶ 9.[2]

Debtors paid the $15,000 yearly lease payments until December 1, 2003, when Debtors, in their capacity as General Partners, directed the Partnership to lease with the partners' approval "all real estate and interests" of the Partnership to the Caspers, Debtors' daughter and son-in-law. Ex. A, Docket No. 54. The terms of the lease required the Caspers to pay all property payments, maintenance, and insurance, and its term expired in December 2007.

While the actual lease document was not introduced, Mrs. Hale stated that the lease to the Caspers did not include the house. Debtors planned to continue residing in the house and pay an annual rent to the Partnership of $3,000, while the Caspers leased the corrals, grass, and acreage for an annual payment of $12,000. Mrs. Hale testified that the Caspers paid their annual payment in

---

[2] Despite Debtors' bankruptcy filing, the Partnership has not sought relief from the automatic stay to allow it to terminate Debtors' rights under the lease and to reclaim possession of the Property.

MEMORANDUM OF DECISION - 4

December, 2003, but that Debtors did not pay their annual payment due in April, 2004. The Caspers' next payment is due in December, 2004.

Debtors filed a petition under Chapter 7 of the Bankruptcy Code on January 20, 2004. Docket No. 1. In their Amended Schedule C, Debtors claimed a homestead exemption under Idaho Code § 55-1003 in "40,000 units of 160,600 total units in Lost River Cattle Company Limited Partnership owning and leasehold on: Home and Real Property located at 2745 US Hwy 93 North."[3] Am. Schedule C, Docket No. 55. Debtors assert their interest in the Partnership is worth $33,127. The Trustee objected to Debtors' claim of exemption. Docket Nos. 19, 59.

---

[3] Debtors' original Schedule C, Docket No. 1, only claimed an exemption in Debtors' partnership interest. At the hearing, however, Debtors asserted they intended to claim a homestead exemption in their leasehold interest as well. The Court allowed the parties additional time to submit written arguments addressing the issue, and both parties elected to do so. Docket Nos. 56, 60. Debtors also amended their Schedule C to reflect their claim of exemption in the leasehold interest. Docket No. 55. The Bankruptcy Rules liberally allow debtors to amend their schedules "as a matter of course at any time before the case is closed," Fed. R. Bankr. P. 1009(a), without court approval, unless there is a showing that the amendment has been made in bad faith or prejudices third parties. *Martinson v. Michael (In re Michael)*, 163 F.3d 526, 529 (9th Cir. 1998); *In re Bowden*, 254 B.R. 907, 909 (Bankr. D. Idaho 2000). Trustee has not contested Debtors' right to amend their exemption schedules.

MEMORANDUM OF DECISION - 5

### Disposition

Idaho has "opted-out" of the federal bankruptcy exemptions, and its citizens are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Idaho Code § 11-609. Under Idaho law, debtors are permitted to claim a homestead exemption. Idaho Code §§ 55-1001–1011; *In re Koopal*, 226 B.R. 888, 890, 98.4 I.B.C.R. 98, 99 (Bankr. D. Idaho 1998); *In re Millsap*, 122 B.R. 577, 579, 91 I.B.C.R. 5, 7 (Bankr. D. Idaho 1991). The Court liberally construes the homestead statutes in favor of the debtor. *In re Steinmetz*, 261 B.R. 32, 32, 01.1 I.B.C.R. 28, 28 (Bankr. D. Idaho 2001); *Koopal*, 226 B.R. at 890; *In re Peters*, 168 B.R. 710, 711, 94 I.B.C.R. 44, 44 (Bankr. D. Idaho 1994). The relevant date for determining the status of a claim of homestead exemption is the date of filing. 11 U.S.C. § 522(b)(2)(A); *Culver, L.L.C. v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (B.A.P. 9th Cir. 2001). As the objecting party, Trustee bears the burden of proving an exemption is not proper. Fed. R. Bankr. P. 4003(c); *Steinmetz*, 261 B.R. at 32.

### A. Can Debtors Claim a Homestead Exemption in Their Share of the Partnership?

Only property of Debtors' bankruptcy estate may be claimed as exempt, and thereby excluded from the bankruptcy estate. 11 U.S.C. §§ 541(a),

MEMORANDUM OF DECISION - 6

522(b); *In re Mingo*, 95 I.B.C.R. 4, 4 (Bankr. D. Idaho 1995) ("property . . . deemed exempt . . . is not property of the bankruptcy estate."). A partnership is considered a distinct legal entity, separate from the partners who form it. *In re Myers Fin. Group, Inc.*, 94 I.B.C.R. 173, 176 (Bankr. D. Idaho 1994); *In re Fisher*, 94 I.B.C.R. 130, 131 (Bankr. D. Idaho 1994); *In re Wallen*, 43 B.R. 408, 410 (Bankr. D. Idaho 1984). A partner's interest in a limited partnership is defined as the "partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets." Idaho Code § 53-201(10). *See also Reed v. Reed*, 44 P.3d 1108, 1114 (Idaho 2002) (citing Idaho Code § 53-201(10)). And, a partner's interest in a partnership is considered "personal property." Idaho Code § 53-239; *Fisher*, 94 I.B.C.R. at 131. So it is a debtor's partnership interest, not the assets of the partnership, that becomes property of the bankruptcy estate when an individual partner files for bankruptcy. 11 U.S.C. § 541(a); *Fisher*, 94 I.B.C.R. at 131.

A homestead is defined as a "dwelling house or . . . mobile home . . . and the land" upon which it sits. Idaho Code § 55-1001(2). To constitute a homestead, the statutes contemplate that the debtor will own an interest in the land, home, or both. Idaho Code § 55-1001(2), (4). Debtors' partnership interest,

MEMORANDUM OF DECISION - 7

however, is an intangible personal property right that does not give them an interest in either the house they live in or the land upon which it sits. Their partnership interest is therefore excluded from the scope of Idaho's homestead exemption.

Partnership law also expressly prohibits the ability of a partner to claim a homestead exemption in partnership property.[4] Although the UPL, Idaho

---

[4] At the hearing, the parties disagreed whether the Uniform Partnership Law (the "UPL"), Idaho Code §§ 55-301–343C, or the Uniform Partnership Act (commonly referred to as "RUPA"), Idaho Code §§ 53-3-101–1205, would apply when the Limited Partnership Act, (the "LPA"), Idaho Code §§ 53-201–268, was silent. At the time Debtors formed the Partnership, the UPL was in effect. However, the Idaho Legislature repealed the UPL on July 1, 2001, and adopted RUPA in its place. RUPA expressly excludes limited partnerships from its scope, and the Idaho Legislature chose not to link it in any other way to the LPA. *See* Idaho Code § 53-3-202(b) Official Cmt. 2 (explaining that partnerships formed under another statute are excluded from RUPA, including limited partnerships). *See also* Elizabeth S. Miller, *Linkage and Delinkage: A Funny Thing Happened to Limited Partnerships When the Revised Uniform Partnership Act Came Along*, 37 Suffolk U. L. Rev. 891 (2004) (containing a comprehensive discussion of the linkage problem).

In contrast, the LPA and the UPL contained express provisions linking the two statutes together. *See* Idaho Code § 53-224 ("a general partner of a limited partnership has the rights and powers and is subject to the restrictions and liabilities of a partner in a partnership without limited partners."); Idaho Code § 53-266 ("In any case not provided for in this chapter the provisions of the uniform partnership law govern."); Idaho Code § 53-306(2) ("but this Chapter shall apply to limited partnerships insofar as the statutes relating to such partnerships are inconsistent herewith."). Idaho state courts have not yet addressed the linkage issue between RUPA and the LPA, although it is likely that the general references to partnership law in Idaho Code § 53-224 and to "uniform partnership law" in Idaho Code § 53-226 would be interpreted to refer to RUPA. *See* Miller, 37 Suffolk U. L. Rev. at 896 (theorizing that, while there may be some confusion about the reference, in states referring only generally to the uniform partnership law it would likely

MEMORANDUM OF DECISION - 8

Code § 53-325(1), treated partners as co-owners of partnership property, Idaho Code § 53-325, upon which Debtors rely, provides that:

> A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. *When partnership property is attached for a partnership debt the partners*, or any of them or the representatives of the deceased partner, *cannot claim any right under the homestead or exemption laws.*

Idaho Code § 53-325(2)(c) (emphasis added). In *Fisher*, this Court observed that a partner's rights in specific partnership property are extremely limited, and stated that if "property is attached for the debt of the partnership, a partner may not claim a homestead or other exemption in the property." 94 I.B.C.R. at 131 (citing Idaho Code § 53-325(2)(c)).

Other bankruptcy courts considering statutory language identical to Idaho Code § 53-325(2)(c) have also held that this provision prevents a debtor from claiming a homestead exemption in partnership property. In *In re Russell*, 80 B.R. 662 (Bankr. D. Vt. 1987), the debtor claimed a homestead exemption in his limited partnership interest because the partnership owned the house in which he

---

be interpreted to refer to RUPA). Although the Court believes RUPA controls, to give Debtors the benefit of any doubt, it will address the issues under both statutes.

MEMORANDUM OF DECISION - 9

resided. The court held that Vermont's partnership law, which contained language identical to Idaho Code § 53-325(2)(c), barred the debtor's claimed homestead exemption in his limited partnership interest. *Id.* at 665. *See also In re Brooks*, 103 B.R. 123 (Bankr. S.D. Tex. 1988) (holding that the effect of the Texas Uniform Partnership Act, section 25(2)(c), which is identical to Idaho Code § 53-325(2)(c), "is to prevent a partner from claiming a homestead interest in property which belongs not to the individual partner, but to a separate entity–the partnership.").

The adoption of RUPA in 2001 signified a departure from prior partnership law because RUPA treats a partnership as an entity rather than a group of co-owners. Idaho Code § 53-3-201(a). *See also* Mark Anderson, *Not Our Grandparents' Partnership Statute*, 46 The Advocate 12 (Nov. 2003) (explaining the changes from prior law). Idaho Code § 53-3-203 provides that property acquired by the partnership is "property of the partnership and not of the partners individually." A partner may only use or possess "partnership property . . . on behalf of the partnership." Idaho Code § 53-3-401(g). And, a partner is "not a co-owner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." Idaho Code § 53-3-501.

MEMORANDUM OF DECISION - 10

AO 72A
(Rev. 8/82)

This section was intended to continue the result under Idaho Code § 53-325 to protect partnership property from execution or other process by a partner's personal creditors. Idaho Code § 53-3-501 Official Cmt.

Neither the UPL, applicable at the time Debtors formed the Partnership, nor RUPA allows Debtors to exempt their partnership interest as a homestead. There is no dispute that the Partnership holds the legal title to the Property and that Debtors' ownership interest is defined by state law, under which they hold a personal property interest in their share of partnership profits or other partnership income. This is true under either the UPL or RUPA. Even though the UPL treated partners as "co-owners" of partnership property, Debtors' claim of exemption under the homestead statutes in their share of the Partnership is expressly prohibited under the provisions of the UPL applicable at the time Debtors formed the Partnership. With the adoption of the entity theory under RUPA, and the intent to continue prohibiting partners from claiming an exemption in partnership property, it is even more clear that Debtors cannot claim a homestead exemption in the home through their interest in the Partnership. Instead, Debtors' only ownership interest is in the Partnership as an entity.

MEMORANDUM OF DECISION - 11

AO 72A
(Rev. 8/82)

Debtors can not claim the house exempt under the homestead statutes through their partnership interest.

### B. Can Debtors Claim a Homestead Exemption in the Property Based Upon Their Leasehold Interest?

Debtors also argue that because they lease the Property, and therefore have a legal right to possession of the house, they may claim a homestead exemption in their possessory leasehold interest.

A debtor's homestead is defined as "the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved; . . . Property included in the homestead must be actually intended or used as a principal home for the owner." Idaho Code § 55-1001(2). An owner is defined to include "a purchaser under a deed of trust, mortgage, or contract, or a person who takes the subject property under a life estate." Idaho Code § 55-1001(4). The statute further provides that "[p]roperty described in section 55-1001, Idaho Code, constitutes a homestead and is automatically protected by the exemption described in section 55-1003, Idaho Code, from and after the time the property is occupied as a principal residence by the owner . . . ."

MEMORANDUM OF DECISION - 12

Idaho Code § 55-1004(1). Idaho Code § 55-1001 contemplates that only one dwelling, and only one homestead exemption, may be claimed per person or per married couple. *In re Tiffany*, 106 B.R. 213, 214, 89 I.B.C.R. 221, 222 (Bankr. D. Idaho 1989). The Idaho statute protects up to $50,000 in equity in the homestead property. Idaho Code § 55-1003.

While there is no doubt that Debtors' rights under the lease became property of the bankruptcy estate when Debtors filed for bankruptcy relief, *Mingo*, 95 I.B.C.R. at 4 (citing 11 U.S.C. § 541(a)(1)), Idaho courts have yet to consider whether a debtor may claim a homestead exemption in a possessory leasehold interest. In *In re Tiffany*, 106 B.R. at 214, this Court alluded to the prospect that a lessee-debtor could, in theory, claim a homestead exemption in leased property. There, the debtors claimed an exemption in property upon which three separate dwellings were located, one of which was a mobile home owned and occupied by someone other than the debtor. The Court commented that "[t]he fact a tenant is renting a portion of the property and living in a mobile home on the property is a material factor in determining the extent of debtor's homestead, since the tenant could conceivably also declare a homestead exemption on the property under the

MEMORANDUM OF DECISION - 13

statute." *Id*. In that case, the Court limited the debtor's exemption to the single residence occupied by the debtor and the land upon which it sat. *Id*.

However, because of the unique situation in *Tiffany*, its holding and its reference to the possibility that a debtor could exempt a leasehold interest must surely be limited to the facts of that case. It seems that Idaho's homestead statutes would allow a debtor owning a mobile home to exempt both the mobile home and the underlying land, even if the debtor did not own the land. Idaho Code § 55-1001(2). Thus, the Court's observation in *Tiffany* that the tenant in that case could have claimed an exemption in the mobile home, which he owned, and the land upon which it sat, which he rented, was correct.

Here, Debtors assert a homestead exemption not in a mobile home they own located on land leased from another, but in a house (which they do not own) occupied under a year-to-year lease that can be terminated at any time. In effect, their leasehold interest under these facts, and so, too, their exemption claim, appears limited to a right of possession.[5] The homestead statutes,

---

[5] The Court acknowledges the Ninth Circuit B.A.P.'s decision in *Sticka v. Casserino (In re Casserino)*, 290 B.R. 735 (B.A.P. 9th Cir. 2003), *aff'd*, ___ F.3d ___, No. 03-35257, 2004 WL1912176, (9th Cir. Aug. 16, 2004). There, in a decision not cited by the parties, the Panel held that Oregon's homestead law applied to a possessory leasehold interest held by the debtor. Under Oregon law, however, a homestead may be

MEMORANDUM OF DECISION - 14

however, contemplate an ownership interest in property with a corresponding monetary value that a debtor can claim as exempt. Debtors' mere right of possession under the lease, with no corresponding "ownership" interest, has no cognizable monetary value they can claim as exempt.[6] Thus, Debtors can not claim a homestead exemption when their only interest in the Property is a right to possession under a lease terminable at any time.

## Conclusion

Debtors' claim of a homestead exemption in their interest in the Partnership's real estate is not allowed under the homestead statute or applicable partnership law. Moreover, Debtors' claim of a homestead exemption in their possessory leasehold interest, which can be terminated at any time, is inadequate

---

claimed in any interest in property that carries with it the right of possession. *Casserino*, 282 B.R. 490, 491 (Bankr. D. Or. 2002). Also, the debtor in that case sought to exempt his security deposit and prepaid rent under the homestead statute, not the right to possession itself, as Debtors do here. 282 B.R. at 493; 290 B.R. at 737.

[6] Although Debtors placed a $33,127 value upon their "interest" in their schedules, that value does not appear to be related to the value of their leasehold interest. Rather, as near as the Court can tell, that figure corresponds to the value of Debtors' interest in the Partnership. Debtors own 40,000 units, or twenty-five percent, of the Partnership. The Partnership's assets are valued at $132,511. Schedule A, Ex. A.1, Docket No. 1. Twenty-five percent of $132,511 is $33,127.75. Am. Schedule A, Docket No. 55. The Court has already explained Debtors' Partnership interest may not be exempted under the homestead statutes. Debtors have not shown that their leasehold interest, apart from their partnership interest, has any significant value.

MEMORANDUM OF DECISION - 15

AO 72A
(Rev. 8/82)

to support a homestead exemption. Trustee's objections to Debtors homestead exemption claim will be sustained, and the exemption disallowed, by separate order.

DATED This 26th day of August, 2004.

JIM D. PAPPAS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 16

AO 72A
(Rev. 8/82)

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

Office of the U.S. Trustee
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov

Monte Gray, Esq.
montegray@cableone.net

Sam Hopkins
sam_hopkins@if.rmci.net

**Via Email**

Stephen A. Meikle, Esq.
P.O. Box 51137
Idaho Falls, Idaho 83405

**Via U.S. Mail**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov.

| | |
|---|---|
| CASE NO.: 04-40076 | CAMERON S. BURKE, CLERK<br>U.S. BANKRUPTCY COURT |
| DATED: 8/26/2004 | By Dana Hoyle, Deputy Clerk<br>*/s/ Dana Hoyle/* |

MEMORANDUM OF DECISION - 17

AO 72A
(Rev. 8/82)